### PLATT v. ELIAS et al.

(Supreme Court, Appellate Division, First Department.   November 10, 1905.)

GIFTS—VALIDITY—FRAUD AND UNDUE INFLUENCE—EVIDENCE—SUFFICIENCY.

   The testimony of plaintiff, suing for money paid to a woman because
of her threats to expose the existence of illicit relations between them,
that he gave nothing to her under coercion, that all he gave her was vol-
untarily given, and that he paid her household bills, furnished apart-
ments for her and advised her with reference to the investment of some
of the money he gave, is sufficient to overcome the presumption that the
money was paid by reason of undue influence arising from proof of the
existence of the illicit relations between them, and requires the dismissal
of the cause, though he testified that he gave her large sums of money to
prevent their relations being made public.

Appeal from Special Term, New York County.

Action by John R. Platt against Hannah Elias and others.  From
a judgment of dismissal, plaintiff appeals.  Affirmed.

See 89 N. Y. Supp. 1015; 91 N. Y. Supp. 1079; 92 N. Y. Supp.
1142.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTER-
SON, INGRAHAM, and LAUGHLIN, JJ.

I. D. Warren, for appellant.
D. Daly, for respondents.

PATTERSON, J.  Final judgment was entered in this action
dismissing the complaint, but "not upon the merits, and without
costs."  The plaintiff appeals from the judgment.

It is alleged in the complaint that the defendant Hannah Elias,
a person of bad character and infamous life, by false and fraudulent
representations and by threats and coercion, induced the plain-
tiff to deliver to her very large sums of money at various times
in many years, during which he was maintaining illicit relations with
her.  Plaintiff asserts that she threatened to expose those relations
to his friends and acquaintances and to the public, and that he
was an old man, in feeble health, and having great fear of ex-
posure and the scandal that would bring him into disrepute and
disgrace him in the eyes of his family, friends, and former business
acquaintances, and being in fear of bodily harm, at various times
he made large gifts to the defendant named.  There are contained in
the complaint many allegations of acts on the part of the defend-
ant Elias which certainly in their statement constitute a cause of
action, and which, if proven, would result necessarily in a decree
requiring her to make restitution of what she received from the
plaintiff.

The difficulty with the case is that none of the allegations of
the complaint respecting fraud, intimidation, threats, coercion, or
blackmail is proven; and it is for that reason that the complaint
was dismissed, "not upon the merits, and without costs."  It is
undoubtedly true that the relations which are proven to have
existed between the plaintiff and the defendant Elias were such as
would give rise to a presumption that the large sums of money

which the latter received from the former were acquired through undue influence; but that presumption is entirely overcome by the testimony of the plaintiff himself. He states that he gave nothing to the defendant Elias under coercion; that all he gave was voluntarily given; that he paid her household bills, spent large sums of money in furnishing lodgings or apartments for her, advised her with reference to the investment in savings banks of some of the money he gave her, and as to the disposition of other sums not so invested. It is also true that the plaintiff says at one place in his testimony that he gave large sums of money to Mrs. Elias "to prevent anything of our relations coming out to the public"; but there is nothing in his testimony to indicate that there was any threat on the part of Mrs. Elias to expose those relations. It would not answer any useful purpose to go over in detail all this testimony. It is sufficient to say that the case on the proofs made at the trial is not as strong as that presented in the affidavits used on a motion for an injunction pending suit, which affidavits were before us on an appeal from an order which granted that injunction, and which order was reversed here. The present appeal must be determined on the same grounds as those which affected the mind of the justice at Special Term, namely, that the allegations of the complaint are not proven. The extent of the decision of this appeal is only to affirm the judgment of the court below in dismissing the complaint for insufficiency of proof to maintain its allegations.

Judgment affirmed, with costs. All concur.